IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff/Respondent,

v. Civ. No. 07-1052 MV/RLP
Cr. No. 01-0043 MV

PAMELA L. MEDLEY, a.k.a.
SHELLEY WALLACE and RUTH
GIBBS,

Defendant/Movant

MAGISTRATE JUDGE'S REPORT & RECOMMENDATION[1]

1. This is a proceeding brought pursuant to 28 U.S.C. § 2255. After a jury trial, Defendant was convicted of multiple counts of mail and wire fraud and other crimes. The jury convicted on all counts and she was sentenced to 78 months' imprisonment. *See United States v. Medley*, 130 Fed.Appx. 248, *1 (10th Cir.)(unpublished opinion), *cert. denied*, 546 U.S. 894 (2005). Defendant appealed her conviction, *see id*., and the Tenth Circuit Court of Appeals affirmed, but remanded for resentencing. *Id*. On remand, Defendant's sentence was recalculated to 97 months' imprisonment, a sentence she unsuccessfully appealed. *See United States v. Medley*, 476 F.3d 835 (10th Cir.), *cert. denied*, --U.S.--, 128 S.Ct. 83 (2007)

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation that party may, pursuant to 28 U.S.C. § 636 (b)(1) , file written objections in the United States District Court to the Report and Recommendation. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Report and Recommendation. If no objections are filed, no appellate review will be allowed.

2. On October 22, 2007 Defendant filed her Motion to Vacate, Set Aside or Correct Sentence in this Court. Because the Motion [Doc. 4] contained no facts, she was required to submit a statement of her factual allegations, which she filed with the Court. *See* Doc. Nos. 25, 25-2, 25-3 and 28. The Government has filed its Answer [Doc. 37].

3. Defendant first alleges ineffective assistance of pretrial counsel, trial counsel, and sentencing counsel.

> To establish ineffective assistance of counsel, a petitioner must prove that counsel's performance was constitutionally deficient and that counsel's deficient performance prejudiced the defense, depriving the petitioner of a fair trial with a reliable result.

*Boyd v. Ward*, 179 F.3d 904, 913 (10th Cir. 1999) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984), *cert. denied*, 528 U.S. 1167 (2000).

4. "Constitutionally deficient" means that counsel's performance was completely unreasonable, not merely wrong. *Id*. at 914. To establish prejudice, the petitioner must show that the result of the proceeding would have been different. *Id*. A petitioner must prove both deficient performance and prejudice; if the petitioner fails on one element the Court need not address the other. *Id*. Finally, "the allegations must be specific and particularized, not general or conclusory." *Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir.1995), *cert. denied*, 517 U.S. 1235 (1996).

5. Defendant was convicted on five counts of wire fraud, six counts of mail fraud, one count of making a fraudulent claim on the government, two counts of impersonating a government employee, one count of making false statements, and one count of falsely representing her social security number. "The convictions arose out of a complex pattern of deceit that she employed in attempting to obtain government funds

intended for victims of the New Mexico Cerro Grande Fire. She was not a victim of the fire." *Medley*, 476 F.3d at 836.

6. As stated by the Tenth Circuit, in reference to her claim on direct appeal that the evidence was insufficient to convict her:

> The evidence was overwhelming that Ms. Medley committed a complex and far-reaching fraud founded on a veritable mountain of forged and false documents. She claims the government withheld for several months what she describes as exculpatory evidence, but she does not give any reasons why any rational juror could have found her not guilty when presented with evidence that she repeatedly used a dead woman's name and identity; filled out documents under a false name and social security number, filed a claim for reimbursement for a property in which she never lived; made materially false statements about her residency, losses in a fire, and employment; and impersonated not only a FEMA official but an Assistant United States Attorney.

*Medley*, 130 Fed.Appx. at *250.

7. Defendant's attorney at arraignment and the initial plea was Michael Alarid. Defendant charges he was ineffective because he adopted her ex-husband's strategies and not Defendant's and therefore she had an "unworkable" defense. These allegations are conclusory and fail to satisfy either of the *Strickland* elements.

8. Defendant's primary trial attorney was Judith Rosenstein. Shortly before trial, she was joined by Philip Medrano who assisted at trial. Defendant's claims against both attorneys was their failure to gather facts and interview witnesses. Defendant also states that she wanted a plea bargain but that counsel failed to do so.

9. Attorney Rosenstein filed an affidavit in this matter [Doc. 37-2]. She notes the files indicate there was extensive discovery, including interviews and investigative reports. ¶ 3-4. She further notes that "many of the names provided in the § 2255 petition

were not discussed by [Defendant] before or during her trial." ¶ 6. Ms. Rosenstein states that Defendant rejected the Government's plea offer, which was tendered on July 17, 2001. ¶ 5. *See* Plea Agreement [Doc. 37-3]. Finally, Ms. Rosenstein notes that due to the "breadth of the evidence against the defendant [and] the lack of valid defenses . . . an experienced second chair counsel was put in place to ensure that Ms. Medley received a fair trial. ¶ 10.

10. Defendant provides the Court with several pages of allegations as to the witnesses counsel could have interviewed, the failure of counsel to stop the perjured testimony from the Government's witnesses, and the failure to find a viable defense. These allegations, while many of them are specific, do not show how counsel's failures prejudiced Defendant. That is, even if counsel had interviewed the bookkeeper at the VFW, the Defendant's hair stylist and the manager of Quiznos, Defendant does not show how those interviews would have changed the outcome at trial. Nor does she show what her "viable defense" consisted of. In sum, even though there is minute detail there is a lack of causal connection between counsel's alleged failures and the outcome of the trial.

11. Evidently as part of Defendant's ineffective assistance claim against attorney Rosenstein, she claims a violation of the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq*. (the Act) or the Sixth Amendment. Defendant was arraigned on January 18, 2001 and trial started January 7, 2002. In general, the Act requires that a defendant charged with a crime must be tried within 70 days of the filing of the indictment or from the date the defendant first appears before a judicial officer of the court, whichever is later. 18 U.S.C. § 3161(c)(1); *United States v. Dirden*, 38 F.3d 1131, 1135 (10th Cir. 1994).

12. The record shows that Defendant filed several pretrial motions which tolled the speedy trial clock. *See* United States' Answer [Doc. 37] at pp. 41-46 and criminal docket references therein. The first superseding indictment was filed on July 11, 2001 and the 70-day clock was re-set. Again, several defense motions were filed tolling the time period. *See id*. On September 21, 2001 the parties filed a joint motion for a definite trial setting. Cr. Doc. 56. The district court granted the motion on November 24, 2001 and gave a firm trial setting of January 7, 2002, stating:

> The Court further finds, pursuant to 18 U.S.C. §3161(h)(8) (A), that all of the time from the date of the filing of the parties' motion through the commencement of the trial in the instant case is excluded for purposes of the Speedy Trial Act . . .

Cr. Doc. 65.

13. "A violation of the speedy trial requirement, by itself, is not a sufficient basis for dismissal with prejudice." *United States v.* Abdush-Shakur, 465 F.3d 458, 462 (10th Cir. 2006), *cert. denied*, --U.S.--, 127 S.Ct. 1321 (2007).

> In determining whether to dismiss . . . with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense, the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

*Id*. (quoting 18 U.S.C. § 3162(a)).

The district court's November 24th Order stated that the speedy trial time would be tolled "on grounds that the parties' joint request outweighs the best interest of the public and the defendant in a speedy trial, thus serving the interests of justice." Order [Cr. Doc. 65].

14. Based on the foregoing statements of law and fact, the Court finds that even if there were a Speedy Trial Act violation, counsel was not ineffective for not seeking

dismissal on that basis. There is no indication in the record that the motion would have been granted with prejudice and therefore Defendant cannot show the prejudice necessary for the ineffective assistance of counsel claim.

15. In *Abdush-Shakur* the court stated:

> In determining whether a defendant's Sixth amendment right to a speed trial has been violated, a court must balance four factors: (1) the length of delay; (2) the reason for delay; (3) the defendant's assertion of his right; and (4) any prejudice to the defendant.

465 F.3d at 464 (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

16. In the instant case, the time between arrest (December 14, 2000) and trial (January 7, 2002) was approximately one year and 3 weeks Eleven months is not considered "presumptively prejudicial" but 14 months "might" be. *Id.* at 465. Defendant's almost 13-month delay falls in between. In *United States v. Gomez*, 67 F.3d 1515 (10th Cir. 1995), *cert. denied*, 516 U.S. 1060 (1996), the defendant alleged a Sixth Amendment violation for a 12 and one-half month delay. Because the *Gomez* case only involved one count (distribution of cocaine), the court found that the delay in excess of one year triggered the *Barker* analysis. 67 F.3d at 1521.

17. The instant case involved considerably more than one count and the *Gomez* court noted that a delay over one year is tolerable for more complex cases such as conspiracy . . . ." *Id*. In any event, the fact that most of the delays were caused by the Defendant's filing of pretrial motions and that there is no evidence of prejudice to the defendant for the delay, there is no Sixth Amendment violation and therefore counsel cannot be deemed ineffective for failing to move to dismiss based on a Sixth Amendment violation.

18. Defendant also alleges ineffective assistance from sentencing and appellate counsel, Jacquelyn Robins. Defendant alleges that counsel was ineffective by failing to investigate, correct errors in the Presentencing Report (PSR), and not arguing *United States v. Booker*, 543 U.S. 220 (2005), which made the Sentencing Guidelines advisory.

19. In the first appeal, counsel raised eight issues pursuant to *Anders v. California*, 386 U.S. 738 (1967) and argued a ninth issue, that of resentencing, required remand. 130 Fed.Appx. at **1. The latter argument was successful. After remand and resentencing, the case was again appealed because Defendant's initial 78-month sentence was increased to 97 months. 476 F.3d at 835. In this latter opinion, the court discusses the Government's objections to errors in the PSR and the adjustments made thereto. *Id*. at 837-38. The court also notes that the case was remanded with instructions to follow the Supreme Court's holding in *Booker* and that this was done. *Id*. at 840. Because Defendant's claims of ineffective assistance of counsel are without merit, she has failed to make the necessary showing of prejudice as required by *Strickland*, *supra*.

20. Finally, Defendant argues prosecutorial misconduct. She alleges that she was the victim of "demagogic prosecution" and that the Government was looking for a scapegoat for the Cerro Grande fire. She contends the Government withheld exculpatory evidence, purposely delayed the trial to violate the Speedy Trial Act; and offered perjured testimony in order to convict Defendant. The court assumes that these issues were not raised on direct appeal due to the claimed ineffectiveness of trial counsel.

21. Habeas relief may be granted when the conduct of a prosecutor rendered the defendant's trial fundamentally unfair. *Duckett v. Mullin*, 306 F.3d 982, 988-89 (10th Cir. 2002), *cert. denied*, 538 U.S. 1004 (2003). To make this determination, the court first

looks at the evidence to see if the prosecutor's conduct affected the jury's ability to judge the evidence. *Id*.

22. As previously noted, the Tenth Circuit concluded the evidence of Defendant's guilt was "overwhelming." 130 Fed.Appx. at **2. The court discussed some of the evidentiary issues and prosecutorial claims raised in that appeal. *Id*. It found Defendant's arguments to be "ill-founded" and "unsupported." *Id*. So, too, here. Defendant's arguments, while excruciatingly detailed, are in fact conclusory and without substance. Thus, because there is no evidence of prosecutorial misconduct, counsel could not have been ineffective for failing to raise this issue on appeal.

Recommended Disposition

I recommend that the Motion to Vacate, Set Aside, or Correct Sentence be denied and this case dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge